■ 88 BLUE CORP., Respondent-Appellant, v STATEN BUILDERS COMPANY et al., Appellants-Respondents. [600 NYS2d 238] —Order and judgment (one paper) of the Supreme Court, New York County (Beverly Cohen, J.), entered on September 8, 1992, which granted plaintiff's motion for summary judgment and declared that defendants had breached the contract, is unanimously reversed, on the law, and the motion is denied, without costs.

This action seeks declaratory relief with respect to a contract to purchase real property in Staten Island. The contract is dated December 28, 1989, and the purchase price is $21,000,000. $1,000,000 was placed in escrow with the seller's attorney as earnest money. The closing was initially scheduled for July 2, 1990, with time being of the essence of the contract. The contract did not make the existence of financing a condition of the contract, but paragraph 22 (h) did provide that defendants would make available all books and records of the sellers relating to the operation of the premises commencing January 1, 1990.

Plaintiff contends that defendants breached paragraph 22 (h) by not making records available to its lenders with the result that plaintiff was unable to obtain financing. Defendants argue that they fully complied with their obligations under paragraph 22 (h). The actions and arguments of the parties must be considered in the context of the rapidly declining real estate market of 1990.

After a series of correspondence between counsel in which plaintiff alleged non-compliance with paragraph 22 (h), the July 2 closing did not take place. By letter dated July 9, 1990, the purchaser requested an adjournment to December 18, 1990. By letter dated July 25, 1990, counsel for the sellers set a closing date of August 1, with time of the essence. This date passed and the sellers gave the purchaser one last opportunity to close, which the purchaser rejected.

We hold that the sellers acted within their rights under the contract and are entitled to cancel the contract and retain the earnest money subject only to resolution of the factual issue of whether the sellers breached paragraph 22 (h) and prevented

the purchaser from obtaining financing. We find that the sellers' conduct in rescheduling the closing even on short notice is not unreasonable where the purchaser was given one last opportunity to close, which it refused. A fair reading of this record leads to the inevitable inference that the purchaser did not want to close on the contract due to changed market conditions. If it was unable to obtain financing, the trier of fact must decide whether it was charged market conditions, a risk assumed by the purchaser, or the sellers' breach of paragraph 22 (h). On this record, without any discovery having been conducted, that determination cannot fairly be made on summary judgment. Concur—Murphy, P. J., Sullivan, Asch and Nardelli, JJ.